**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**Civil Action No. 05-cv-40-HRW**

**LINDA L. OUSLEY,**                                            **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a

final decision of the Defendant denying Plaintiff's application for a period of

disability, disability insurance benefits and supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed

by the parties, and being otherwise sufficiently advised, for  the reasons set forth

herein,  finds that the decision of the Administrative Law Judge is supported by

substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for a period of disability, disability

insurance benefits, and supplemental security income benefits on August 6, 2001,

alleging disability beginning on August 15, 1999, due to depression, nerves,

gastritis, arthritis, numbness in feet, poor circulation, teeth problems, poor

1

eyesight, obesity and back problems (Tr. 78-87).  The application was denied

initially and on reconsideration.  On December  3, 2002 an administrative hearing

was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"),

wherein Plaintiff, accompanied by counsel, testified (Tr. 298-318).  At the hearing,

Donald Joe Woolwine, a vocational expert (hereinafter "VE"), also testified (Tr.

319).  Following the initial hearing, the case remained open for the purpose of

obtaining a consultative medical examination.  Subsequently, a supplemental

hearing was convened on March 4, 2003, wherein Plaintiff, again, accompanied by

counsel, testified (Tr. 285-287), as did, Dean Owen, a vocational expert

(hereinafter "VE") (Tr. 287-294).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without

further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 24, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-21).

Plaintiff was 47 years old at the time of the hearing decision (Tr. 13). She has an 8th grade education (Tr. 13). Her past relevant work experience consists of work as a sewer/seamstress, sewing machine operator, biscuit maker and grill cook (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 1, 2001(Tr.19). The ALJ then determined, at Step 2, that Plaintiff suffered from obesity with shortness of breath, osteoarthritis of the back, left shoulder, hips, knees, ankles and feet, degenerative pathology of the lumbar spine and diminished visual acuity, which he found to be "severe" within the meaning of the Regulations (Tr. 19-20). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14). In doing so, the ALJ specifically considered listings 12.04,

1.00, 1.02, 1.04, 1.05 and 3.02 (Tr. 14).  The ALJ further found that Plaintiff could

not return to her past relevant work (Tr. 20) but determined that she has the

following residual functional capacity ("RFC"):

> Limited to lifting/carrying 20 pounds occasionally/10
> pounds frequently; stand/walk at least 4 hours total (walk
> maximum of ½ hour and stand maximum 1 hour at a
> time); sitting at least 5 hours to about 6 hours total
> (maximum 1 hour without interruption); no rapid or
> prolonged aerobic activities, no sustained overhead work
> or repetitive lifting/reaching overhead; no push/pulling
> with lower extremities; never climb ladders or walk
> balance at unprotected heights; never climb hills/slopes
> or work on uneven terrain,; only occasionally climb
> stairs, steps and ramps; only occasionally bend, stoop,
> crouch, squat (supported), kneel; never crawl; no
> operation of foot controlled equipment; no operation of
> heavy moving machinery, mobile equipment or otherwise
> exposed to jars, jolts, jostling or excessive floor
> vibrations; no exposure to excessive air pollutants,
> pulmonary irritants, allergens or temperature extremes;
> no regular work in damp, humid conditions; and
> permitted to wear corrective eyeglasses as desired.

(Tr. 20).

Based upon this RFC, the ALJ, relying upon testimony of the VEs,

concluded that the Plaintiff could perform a limited range of light work, such as

assembler, light manufacturing machine operator and hand packer/packager  (Tr.

20-21).  The ALJ finally concluded that these jobs exist in significant numbers in

the national and regional economies, as identified by the VEs (Tr. 21).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on January 19, 2005 (Tr.

4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision.  Both parties have filed Motions for Summary Judgment

[Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility."  *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

On October 23, 2002, Dr. Hunt completed a Residual Functional Capacity

Plaintiff's sole contention on appeal is that the ALJ erred is discounting the

opinion of her treating physician, Dr. Drema Hunt.   In order to be given

controlling weight, the opinions of a treating source on issues involving the nature

and severity of a claimant's  impairments must be well supported by medically

acceptable clinical and laboratory diagnostic techniques, and be consistent with

other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such

opinions receive deference  only if they are supported by sufficient medical data.

*Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

On October 23, 2002, Dr. Hunt completed a Residual Functional Capacity

Questionnaire in which she opined, essentially, that Plaintiff could not work (Tr.

255-257).  Her opinion stands alone in the record as no other physician of record

shares her view of such extreme limitation.  For example, Dr. Stephen Lamb, a

consultative physician who examined Plaintiff in October of 2001, noted "evidence

for mild restriction in [her] tolerance for bending and stooping but not for reaching,

6

sitting, standing, moving about, lifting , carrying, handling objects or ability to travel" (Tr. 154).  His notes also show Plaintiff as having normal grip strength, negative straight leg raise test and an absence of joint deformities (Tr. 153).  He specifically noted that she had no difficulty getting on and off the examination table and no impairment in toe and heel walking (Tr. 153).

Dr. Jules Barefoot examined Plaintiff in January 2003 and found that despite a diminished range of motion in the lumbar spine, Plaintiff had a full range of motion in her shoulders, elbows, wrists, hips, knees, ankles and cervical spine (Tr. 261).  Dr. Barefoot submitted a Medical Assessment of Ability to do Work-Related Activities (Tr. 263-265) in which he opined that Plaintiff could lift/carry 10 pounds frequently and 20 pounds occasionally and could occasionally climb, stoop, crouch, kneel and crawl (Tr. 264).  He further opined that sitting and standing/walking were not affected by Plaintiff's impairments (Tr. 264) but suggested certain environmental restrictions (Tr. 264).

After discussing the findings of Dr. Gregg, Dr. Lamb, Dr. Barefoot and Dr. Hunt (Tr. 17-18), the ALJ set forth the RFC which did not include the extreme limitations suggested by Dr. Hunt but, rather, tracked the opinions of the other three physicians of record.  The Court finds that the ALJ properly rejected the opinion of Dr. Hunt as inconsistent with the other credible medical evidence.  The

Court further finds that the ALJ's determination of no disability is supported by substantial evidence on the record.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 26, 2005.

Signed By:

Henry R Wilhoit Jr.

United States District Judge